BARFIELD, Judge.
In this appeal from a final judgment for the defendants in a negligence action, appellants assert that the trial court erred in refusing to give requested jury instructions based upon their theory that Charles Hel-ton was due the standard of care owed an invitee. We find that the record fails to contain sufficient evidence of an implied contractual relationship between the City of Gainesville (Helton’s employer) and Landmark Apartments so as to establish appellant’s status as a business invitee under Fred Howland, Inc. v. Morris, 143 Fla. 189, 196 So. 472 (1940), and that the trial court therefor did not err in refusing to give appellants’ requested jury instructions.
The trial court was not requested to take judicial notice of the fact that the City of Gainesville is the only provider of electrici *730 ty within the city limits, from which it could presumably be inferred that the City provided electricity to the apartments in question and that there existed an implied contractual relationship between the City and the owners of the apartments. We decline to judicially notice such facts on appeal. The trial court’s refusal to give the requested jury instructions is AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.